IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00368-BNB

MICHAEL HAYWARD,

    Plaintiff,

v.

BILL OWENS, (Governor of Colorado), Head of Dept. of Corrections,

    Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 0 2006

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff Michael Hayward initiated this action by filing **pro se** a Complaint alleging that his constitutional rights were violated while he was incarcerated. The court must construe the complaint liberally because Mr. Hayward is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the **pro se** litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, Mr. Hayward will be ordered to file an amended complaint.

The court has reviewed the complaint and finds that it is deficient because Mr. Hayward fails to assert facts to demonstrate that the named Defendant personally participated in the constitutional violations alleged in the Complaint. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hayward must show that Defendant caused the deprivation of a federal right. **See**

***Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and Defendant's participation, control or direction, or failure to supervise. **See *Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). Defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See *Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983). Therefore, Mr. Hayward will be ordered to file an amended complaint to allege personal participation.

Although Mr. Hayward does not assert any statutory authority for the constitutional claims he raises in this action, it is apparent that the claims are asserted pursuant to 42 U.S.C. § 1983. Mr. Hayward is reminded that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." ***Conn v. Gabbert***, 526 U.S. 286, 290 (1999). Therefore, Mr. Hayward should name as Defendants in the amended complaint the individuals he believes actually violated his rights. Accordingly, it is

ORDERED that Mr. Hayward file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hayward, together with a copy of this order, two copies of the following forms: Complaint. It is

FURTHER ORDERED that, if Mr. Hayward fails within the time allowed to file an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.

DATED April 10, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-00368-BNB

Michael Hayward
7321 S. Delaware Ct.
Littleton, CO 80120

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Complaint form** to the above-named individuals on 4/10/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk